## Mercy Noyes *vs.* Ephraim Sturdivant.

The bond contemplated by the *st.* 1821, *c.* 36, § 3, is one which acts directly upon the title, requiring, upon certain terms, a conveyance of it. A bond, therefore, for the support of the mortgagee, the performance of which is secured by the mortgage, is not within that provision of the statute.

The possession of the mortgagor and of his grantees, is the possession of the mortgagee, and the former cannot disseize the latter.

A witness who states, that he expects to get his pay from this suit, and has no other means of obtaining payment, is to be considered but as a creditor testifying for his debtor, and is a *competent* witness.

Exceptions from the District Court, Whitman J. presiding.

This was a writ of entry on a mortgage. The facts in the case sufficiently appear in the opinion of the Court. The verdict was for the demandant, and the tenant excepted.

*Daveis,* argued for the tenant, and, on the point, that the mortgage was not good against the tenant, because the defeasance was not recorded, cited *st.* 1821, *c.* 36, § 3; 4 *Kent,* 141; *Fuller* v. *Pratt,* 1 *Fairf.* 197; *Newhall* v. *Pierce,* 5 *Pick.* 450; *Whittick* v. *Kane,* 1 *Paige,* 202; *Grimstone* v. *Carter,* 3 *Paige,* 421; *Dey* v. *Dunham,* 2 *Johns. Ch. R.* 182; *Kelleran* v. *Brown,* 4 *Mass. R.* 445; 1 *Co. Inst.* 236; 2 *Black. Com.* 327; 4 *Dane,* 153; *Sheph. Touch.* 381; *Green* v. *Thomas,* 2 *Fairf.* 318; *Erskine* v. *Townsend,* 2 *Mass. R.* 493. On the point, that the demandant was not seized within twenty years, he cited 2 *H. & McHen.* 9; *Collins* v. *Torrey,* 7 *Johns. R.* 278; *Jackson* v. *Wood,* 12 *Johns. R.* 242; *Jackson* v. *Pratt,* 10 *Johns. R.* 381; *Poignard* v. *Smith,* 8 *Pick.* 272.

*Longfellow, Sen.,* for the demandant, contended, that the bond given in this case was not a defeasance. The deed is a mortgage on its face, to secure the performance of the condition of the bond. There is no more necessity for recording it, than to record notes secured by a mortgage. The tenant had notice that there was a mortgage, for his title is under the sale of the equity of redemption.

There can be no disseizin of the mortgagee by the mortgagor, or those claiming under him. *Perkins* v. *Pitts,* 11 *Mass. R.* 125; *Wellington* v. *Gale,* 7 *Mass. R.* 138; *Gould* v. *Newman,*

6 *Mass. R.* 239; *Porter* v. *Millett,* 9 *Mass. R.* 101.   The wit-
ness was competent.   *Ely* v. *Forward,* 7 *Mass. R.* 25 ; *Phillips*
v. *Bridge,* 11 *Mass. R.* 242 ; *Bean* v. *Bean,* 12 *Mass. R.* 20;
*Seaver* v. *Bradley,* 6 *Greenl.* 60.

The opinion of the Court was drawn up by

SHEPLEY J. — On the twenty-eighth day of *January,* 1818,
*David Spear* conveyed the premises to *Moses Noyes* and *Mercy,*
his wife, in mortgage, to secure performance of the condition of a
bond made by him to them, obliging him to maintain each of them
during life.   The equity of *Spear* was seized and sold on execu-
tion, and was purchased by the defendant.   *Moses Noyes* had de-
ceased ; and the plaintiff brought this suit upon the mortgage, hav-
ing failed to obtain a support from *Spear.*   The bond had not
been recorded, and the first point made in the argument for the
defendant, is, that it comes within the description of a " bond,
deed, or other instrument of defeasance," named in the *statute*
1821, *c.* 36, § 3, which provides, that the title to an estate in the
possession of any other person than the original party to such
bond, deed, or instrument, shall not be defeated or incumbered by
it, if not recorded.   The bond contemplated by the statute, is one
which acts directly upon the title, requiring, on certain terms, a
conveyance of it.   The bond, in this case, does not provide for a
conveyance of the estate.   The title is acted upon, only by the
mortgage deed, which contains the defeasance or provision for the
defeat of the title of the grantee.   If the deed had been absolute
and not conditional, and the bond had required, on certain condi-
tions, a reconveyance, it would have come within the provisions of
the statute.

The second objection is, that the plaintiff did not prove a seizin
within twenty years.   The possession of the mortgagor and of his
grantees, is the possession of the mortgagee ; for the grantees pur-
chase with a knowledge of the title, and when claiming under a
deed, they are presumed to do so according to the title.

The third objection is, that *Elizabeth Maxy* was not a compe-
tent witness.   She had supported the plaintiff, and stated, that she
expected to get her pay from this suit, and had no other means
of payment.   It does not appear that the claim had been assigned

to her, or that she had any legal interest in it. Her position was that of a creditor, testifying for his debtor, who had no other means of payment, and expecting to obtain payment out of the property to be recovered. This might, and probably would, occasion a strong bias on the mind of the witness, but it was not a legal interest in the event of a suit.

*Exceptions overruled.*